**STATE of Missouri, Respondent,**

v.

**Donald HOLLIDAY, Appellant.**

No. 37901.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 28, 1976.

Robert C. Babione, Public Defender, James W. Whitney, Jr., Jeffrey Shank, Asst. Public Defender, St. Louis, for appellant.

Thomas W. Shannon, Pros. Atty., David Miller, Dennis Kay, Lawrence E. Manion, Asst. Pros. Attys., St. Louis, for respondent.

CLEMENS, Judge.

■ The state charged defendant Donald Holliday with *attempting* to steal property of unstated value (§ 556.150, RSMo.). In a jury-waived trial the court found him guilty of *stealing* and sentenced him to six months' imprisonment. The state does not challenge defendant's point on appeal that he was charged with one offense and improperly convicted of a greater one. We must either remand for re-sentencing, or reverse outright for plain error if the evidence fails to support the charge. Rule 27.20(c); *State v. Potter*, 530 S.W.2d 268[1] (Mo.App.1975).

We examine the state's evidence to determine its sufficiency to prove the charge of attempting to steal "therapy equipment" belonging to Jay Cremer by forcing open the side window of his station wagon. Aside from a stipulation defendant did not have permission to enter Cremer's car, the state's only evidence came from the arresting officer, Gary Poehling. His pertinent testimony: Cremer's station wagon was on a parking lot and he saw defendant standing near the front of the driver's side "placing his left hand inside of a vent window." Nothing was on the front seat but "in the trunk part of the station wagon" there were boxes containing "therapeutic equipment, stuff used for hospitals." [1]

■ The classic requisites of criminal attempt are: "(1) An intent to commit the crime; (2) an overt act toward its commission; (3) failure of consummation; (4) apparent possibility of commission." *State v. Wright*, 342 Mo. 58, 112 S.W.2d 571[5] (1937); and the host of cases annotated at 9 Mo.Dig., Criminal Law, ☞ 44. Intent is the primary element of an attempted crime. *State v. Holtzclaw*, 258 S.W.2d 666[2] (Mo. 1953). "Intent is the purpose or design with which an act is done." [2] Since intent is a state of mind it is rarely susceptible of direct proof and must ordinarily be inferred from surrounding facts.

Intent is the challenged element of the attempted stealing charge here—defendant's intent to steal, specifically, his intent to "appropriate by exercising dominion over" [3] the "therapy equipment."

■ The only inculpatory evidence here is that defendant put his hand into the Cremer car somewhere in which there was "therapy equipment." The state had the burden of further showing beyond a reasonable doubt defendant did so with the specific intent to appropriate the therapy equipment located "in the trunk part of the station wagon." That specific intent is not logically proven by the lone fact defendant put his hand in the front vent window of the car.

---

1. The state's evidence of defendant's intent to steal the therapeutic equipment would have been clearer had it shown Cremer's car was locked; that there was forcible entry of the car; that the therapeutic equipment was visible to defendant from outside the car and that it had some monetary value. The state's evidence was devoid of all these facts.

2. *State v. Hughes*, 344 Mo. 116, 125 S.W.2d 66[8] (1939).

3. Section 560.156 1.(2).

Bearing in mind the facts the state might have but did not show to prove defendant's intent, we conclude the state failed to prove the offense charged.

Judgment is reversed and defendant ordered discharged.

WEIER, P. J., and DOWD, J., concur.