**STATE of Missouri, Respondent,**

v.

**Sidney Neal OLSON, Appellant.**

**No. KCD 28862.**

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 27, 1977.

Application to Transfer Denied
Feb. 8, 1978.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSER-STROM and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

Sidney Neal Olson was charged with murder in the second degree in one count and assault with intent to do great bodily harm with malice in a second count. He was convicted of murder in the second degree by a jury and sentenced to twenty years confinement. He was acquitted of the assault charge.

On this appeal he alleges error in failing to strike the jury panel because the law in Missouri systematically excludes women from jury service, in failure to give MAI–CR 2.70, and in a reference to an admission contained in the prosecutor's opening statement. Affirmed.

Olson does not challenge the sufficiency of the evidence to support his conviction. A jury could reasonably have found Olson went to a bar with a .25 caliber automatic pistol in his pocket. At the bar he engaged in conversation with Paul Dorland and Larry Dorland, Paul's son. In the conversation with the Dorlands, and with two other men, an argument erupted concerning certain events connected with World War II. After some heated discussion, Olson an-nounced he had a pistol and would shoot the first man who stood up. Paul Dorland stood up and was struck by two bullets fired by Olson and died. Larry Dorland was also struck by bullets from Olson's gun.

Olson first contends the Missouri jury selection system which allows women to be excused from service is unconstitutional and by reason thereof he was denied his right to be tried by a jury representative of a cross section of society. The constitutionality of the Missouri exemption granted to women in Article I, Section 22(b) of the Missouri Constitution, and by § 494.-031(2), RSMo 1975 Supp., was upheld in *State v. Duren,* 556 S.W.2d 11 (Mo. banc 1977), decided September 27, 1977. The remaining question is whether the evidence shows that the selection process of juries in Jackson County resulted in jury venires not "representative of the community" and "almost totally male" as those constitutional standards were delineated in *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

The court in *Duren* found the composition of jury venires in Jackson County for the period of June to October, 1975, complied with the constitutional mandate of *Taylor.* The evidence in this case is for the same county and for the same period of time. For that reason it may not be said in this case Olson was denied a jury venire of constitutional composition.

Olson next claims error in the failure of the court to give MAI–CR 2.70. The Notes on Use following this instruction state that one of the group of instructions from MAI–CR 2.70 to 2.77 should be read to the jury in every case where multiple counts are involved. The note states these instructions are designed to make it clear each count must be considered separately.

Separate verdict director instructions were submitted covering the charge of murder and the charge of assault, each containing the instruction to acquit if the jury did not find and believe every submitted element. In addition, the issues were isolated by separate verdict forms for the murder

and assault charges. To demonstrate beyond doubt the jury did, in fact, separate the charges in this case is the action of the jury which found Olson guilty on the murder charge but which found him not guilty on the assault charge.

In *State v. Minor*, 556 S.W.2d 35 (Mo. banc 1977), decided September 27, 1977, the court considered a claim of error on the failure to give MAI–CR 2.70. There the jury had sent a question to the judge which indicated it was considering the two charges separately. The court stated, "The purpose of MAI–CR 2.70 to assure that the jury, in reaching its verdict, applies the law and evidence to each charge independently, was fulfilled. The state has shown by the record and reasonable inferences therefrom that no prejudice occurred and we find the error harmless." The same result follows in this case. When the jury acquitted Olson on the assault charge, it removed any question as to prejudice from the failure to give MAI–CR 2.70.

Olson finally contends the court erred when the prosecuting attorney stated in his opening statement that the evidence would show Olson said after his arrest he intended to shoot the old man, but didn't intend to shoot the boy. Olson couples this statement by the prosecutor with the failure of the court to hold a hearing prior to trial on the voluntary nature of the statement, pursuant to Olson's request. The court did hold a hearing as to the voluntary nature of Olson's statement when the statement was sought to be introduced. At the conclusion of this hearing, the court ruled the statement was inadmissible, and, of course, the statement was not thereafter introduced as evidence.

When the prosecutor in his opening statement told the jury he had made the statement attributed to him, no objection was made. Neither was any objection made to the holding of the hearing as to the voluntary nature of the statement during the trial rather than prior to trial. Thus, the opening statement and the hearing on the voluntary nature of the statement occurred without any objection on the part of Olson. It is settled that objection must be made to an opening statement at the time the offensive statement is made to preserve the point for review. *State v. Robb*, 439 S.W.2d 510, 514[6–8] (Mo.1969). Here, Olson is essentially complaining of this statement by the prosecutor which he contends presented evidence to the jury to show he intentionally shot the old man. However, absent any objection to this statement, no claim of error has been preserved. In addition, Olson seeks to compound his claim of error by complaining as to the time of the hearing on the voluntary nature of the statement. Likewise, no claim of error has been preserved because no objection was made during the trial on this ground.

In addition, the court gave MAI–CR 2.02, which told the jury the opening statements of attorneys are not evidence. This instruction had been read to the jury immediately prior to the prosecutor's opening statement.

The judgment is affirmed.

All concur.