Cleophus BYRD, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 39742.

Missouri Court of Appeals,
Eastern District,
Division 3.

Jan. 30, 1979.

Henry J. Rieke, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for respondent.

**180**

REINHARD, Presiding Judge.

Movant appeals from an order denying his request for Rule 27.26 relief after a hearing. Movant had been convicted of Attempted Robbery and Assault with Intent to Kill. He was sentenced to a term of seven years on each charge, the sentences to run concurrently.

In effect, movant's motion alleged that he received ineffective assistance of counsel, thereby rendering his pleas of guilty to the above offenses involuntary. Movant claims ineffective assistance of counsel for the reason that his trial attorney failed to advise movant of the possibility that the state had improperly charged him with multiple offenses in derogation of his right to be free from double jeopardy. The facts, insofar as they are pertinent here, follow:

On November 3, 1972 movant and an accomplice attempted to rob a St. Louis clothing store, and some of its patrons, at gunpoint. The robbery itself was never consummated as one of the "patrons" was, in actuality, a St. Louis police officer employed part-time as a security guard for the store. A gun battle ensued between Mr. Claude Smith, the officer, and movant wherein Mr. Smith was shot and injured.

Ultimately, a two count information was filed against movant. Count I charged movant and another with the attempted robbery of Union Clothing Store, Inc., by an assault upon the store's manager (one Philip Montgomery) who, it was alleged, had custody of the store's property. The second count charged that movant, and another, had assaulted Claude Smith with intent to kill. Movant entered a plea of guilty as to both counts, stating to the court that his guilty pleas were not the result of duress or coercion, but were voluntarily made. The court so found, and proceeded with sentencing.

In order to afford movant the relief he prays for, at the very least, we must find that movant's trial counsel erred in failing to advise movant the state could not legally prosecute him for both counts of the information. Thus, it must be demonstrated that movant was, in fact, placed in double jeopardy in violation of his rights. The facts and law herein preclude such a finding for, as delineated in the information, defendant was charged and convicted of two separate offenses involving two separate victims. The law in Missouri, as herein applicable, is that the doctrine of double jeopardy addresses itself only to the identity of the offense, not the identity of the act. *State v. Carter*, 535 S.W.2d 537 (Mo. App.1976).

"Indeed, the very same act can support multiple convictions without infringement of double jeopardy so long as the convictions rest on separate offenses." *Carter, supra* at 538.

Movant's appeal is controlled by the case of *State v. Neal*, 514 S.W.2d 544 (Mo. banc 1974). *Neal* involved a three count information. Count I alleged that defendant and another robbed and took the property of one William Cordes, d/b/a Cordes Hardware, then in the care and custody of one Johnnie Walton, by putting Walton in fear. Count II alleged that defendant and another did, with malice aforethought and intent to kill, make an assault upon William O. Cordes with a pistol. Count III was identical to Count II except the alleged assault was upon the life of Johnnie Walton. Both Walton and Cordes were working at the hardware store. Defendant Neal contended that Counts II and III subjected him to multiple convictions and punishment for a single offense without any statutory authority and contrary to his constitutional rights because the facts relied upon for the assaults alleged in those counts were exactly the same facts required to establish the personal violence or fear of immediate injury which were necessary elements of the robbery submitted in Count I.

The court said at page 548:

First, the robbery in this case of Cordes Hardware by taking money from the custody of Johnnie Walton, Count I, was the result of the assault committed upon Johnnie Walton and it was the identical assault also charged in Count III. To thus split the single crime of robbery and

prosecute it in Count I and a second time in Count III as an assault violated the rule against double jeopardy. *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970). Accordingly, Count III was improperly submitted; and the judgment, insofar as it convicts defendant and sentences him to five years' imprisonment for the offense there charged, must, therefore, be reversed.

Second, since the robbery of Cordes Hardware was the result of the assault against Johnnie Walton, the assault upon William O. Cordes, charged in Count II, was, by the same reasoning, a separate crime; and trial of such assault with the separate crime of robbery accomplished by the assault upon Johnnie Walton in Count I, did not place defendant in double jeopardy.

■ Using the reasoning in *State v. Neal, supra*, we hold that attempted robbery in the present instance was the result of an assault against Philip Montgomery, whereas the assault with intent to kill Claude Smith constituted a separate crime. Defendant's guilty plea and subsequent conviction did not expose him to double jeopardy. Also see *State v. Moton*, 476 S.W.2d 785 (Mo.1972) and *State v. Smith*, 491 S.W.2d 257 (Mo.1973).

Defendant's reliance on *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970) is misplaced, for the *Richardson* court concluded only that a defendant may not be charged with attempted robbery *and* assault where the necessary "act toward the commission" of the attempted robbery was the identical assault upon which the second charge was based. *Richardson, supra* at 540. Defendant's present situation in no way likens to the situation of the defendant in *Richardson*. The assault by defendant upon Philip Montgomery, which established the attempted robbery charge, was separate and apart from the assault upon Claude Smith.

■ It stands to reason that if movant's allegation of double jeopardy is invalid, movant's claim of ineffective assistance of counsel will not lie. Movant cannot suc-

cessfully contend trial counsel failed him when trial counsel's advice was not in error.

Affirmed.

CLEMENS and GUNN, JJ., concur.