Tommy THOMPSON, Movant,

v.

STATE of Missouri, Respondent.

No. 42192.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 16, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied
Nov. 12, 1980.

Kenneth R. Singer, St. Louis, for movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Movant appeals from the trial court's denial, without an evidentiary hearing, of movant's Rule 27.26 motion.

Movant was convicted of robbery first degree by means of a dangerous and deadly weapon and assault with intent to kill with malice upon jury verdict. His Rule 27.26 motion challenged his conviction upon the grounds his trial counsel afforded movant ineffective assistance in that counsel failed to object to testimony of a police officer concerning an out of court identification of a photograph of movant, failed to object to the prosecutor's opening statement that the police officer would corroborate the victim's identification of the movant, and failed to object to admission of evidence of a gun which movant contended was not sufficiently shown to have been in movant's possession. The motion also alleged movant had been sentenced under an unconstitutional statute mandating consecutive sentences.

The trial court denied the Rule 27.26 motion on May 25, 1979 and filed findings of fact and conclusions of law on June 16, 1979. On July 11, 1979, movant filed a pro se motion to vacate, set aside, or correct the judgment entered upon movant's Rule 27.26 motion. The trial judge termed this a "Motion to Reconsider." The post-trial motion alleged certain allegations should have been raised by the attorney appointed to represent movant in his post–conviction proceedings. Movant requested, therefore, that the trial court vacate its order denying the Rule 27.26 motion and that the trial court permit the amendment of the 27.26 motion to add the allegations which movant claimed should have been raised by his 27.26 motion. By his post–trial motion, movant first raised his contention that his conviction of robbery and assault subjected him to double jeopardy.

Although the trial court heard argument on movant's post–trial motion, the court did not affirmatively grant or deny that motion. Movant was given leave to and did file a late notice of appeal.

In his first point on appeal, movant seeks review of his robbery and assault convictions based upon movant's contention that the prohibition against double jeopardy would preclude conviction of robbery and the assault movant claims was the act required to prove the robbery. The state's brief has responded that movant's contention was not properly presented to the trial court and has not been preserved for review.

■ Movant's double jeopardy contention was first raised in a motion filed 47 days after the trial court denied movant's post–conviction motion and 25 days after the trial court filed findings of fact and conclusions of law. Motions to amend an original Rule 27.26 motion to add an additional ground for relief are untimely if filed after the court's adverse ruling. *Steinlage v. State*, 581 S.W.2d 849 (Mo.App.1979). Such proposed amendment is tantamount to a second Rule 27.26 motion; and, if the new grounds were known and could have been raised in the earlier motion, such a successive Rule 27.26 motion would be prohibited by Rule 27.26(d). *Steinlage v. State, supra.*

By a motion taken with the case, movant has contended the issue raised by his first point should be reviewed under the plain error doctrine and sought to amend his point to specify the trial court erred in not granting movant post -conviction relief sua sponte or pursuant to movant's pro se post–trial motion. Although we grant movant's motion to amend his brief, we rule against movant upon his contention he is entitled to relief under the plain error doctrine. Indeed, we do not believe movant's conviction of robbery and assault was error at all.

■ Whether prosecution for both robbery and assault places the defendant twice in jeopardy turns upon the particular facts. *State v. Buford*, 582 S.W.2d 298, 303–4[5–6] (Mo.App.1979). A single act of force prov-

en as an essential element of robbery cannot constitute a separate crime of assault. *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970); *State v. Buford, supra; State v. Collett*, 526 S.W.2d 920, 933[15–17] (Mo. App.1975). However, if separate and distinct acts of force occurred, such as if the act of force charged in the assault is not prior or coterminous to the robbery, separate charges of robbery and assault would be justified. *State v. Richardson, supra; State v. Coles*, 604 S.W.2d 21 (Mo.App. 1980); *State v. Buford, supra; State v. Collett, supra.*

■ In the instant case, the driver of the taxicab who was the victim testified movant drew a revolver and threatened to kill the victim unless the victim gave movant all his money. The victim did so. The robbery was accomplished by putting the victim in fear of immediate injury. Thereafter, the assault was accomplished when, as the movant exited the taxicab already in possession of the victim's money and papers, the movant shot at the victim several times. Two separate acts of force were proven, and two charges were justified.

In his second point on appeal, movant seeks review of the ineffectiveness of his trial counsel based upon trial counsel's failure to object to a police officer's testimony concerning the conduction of an out of court photographic identification and to a portion of the prosecutor's statement referring to the police officer's testimony.

■ The police officer's testimony was that he conducted a photographic identification with six photographs, including movant's and that an identification was made. Movant contends that such evidence contravenes the rule expressed in *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972). *State v. Degraffenreid, supra*, holds that, unless the evidence is introduced to rehabilitate an identification witness, someone other than the identification witness who observes the identification cannot testify and corroborate that a certain individual was identified by the identification witness. The evidence in the instant case is not of such nature. The testimony by the police

officer was that he conducted a photographic identification procedure and that an identification was made. Unlike *Degraffenreid*, there was no testimony that the victim had identified the defendant. Such evidence is not objectionable under the standard enunciated in *State v. Degraffenreid, supra* and movant's trial counsel was not ineffective for failing to object to it at the time of movant's trial.

The second prong of movant's contention is that trial counsel was ineffective for failure to object to a portion of the prosecutor's opening statement. Movant contends the prosecutor made improper reference to the fact that a police officer would testify the victim identified movant from photographs. The prosecutor's opening statement is not included in the transcript of movant's trial. Nonetheless, assuming the allegations of the Rule 27.26 motion are true, movant still has not stated grounds entitling him to relief.

■ In order to prevail upon his Rule 27.26 claim that counsel was ineffective, movant must show his attorney failed to exercise customary skill and diligence of a reasonably competent attorney under similar circumstances and that movant was thereby prejudiced. *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). In the instant case, movant has not suggested how the failure to object to the statement allegedly made by the prosecutor prejudiced him at trial. After the jury was sworn and before the prosecutor's opening statement was made, the jury was read MAI–CR 2.02 which instructed the jury that "opening statements of attorneys are not evidence." The instruction was also submitted to the jury as one of the written instructions to guide their deliberations. We do not believe the prosecutor's claimed reference to the police officer's testimony, even if objectionable, was of such nature to have caused the movant prejudice so as to make counsel ineffective. *See, State v. Olson*, 560 S.W.2d 71, 73 (Mo.App.1977).

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.