**STATE of Missouri, Respondent,**

v.

**Ronald BURTON, Appellant.**

**No. 42290.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 28, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1981.

---

Leonard W. Buckley, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, George Peach, St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of attempted robbery and assault with intent to kill with malice aforethought and the court imposed sentences of 20 and 30 years respectively to be served consecutively. We affirm.

Defendant challenges the sufficiency of the evidence to establish the attempted robbery charge on the basis that there was no evidence of an intent to steal. At approximately 5:00 p. m. on December 15, 1978, Lester Ficke, a retired policeman, was collecting rents in the 5700 block of Pershing in St. Louis. He was approached outside the rental property by two young men. One of them said, "We want your money." Defendant pointed a gun at Ficke but before Ficke could reach for his wallet the gun discharged and Ficke was shot in the neck. Ficke then grabbed defendant and struggled briefly with him before losing consciousness and falling to the ground. He regained consciousness almost immediately and as he was pulling himself under a nearby car he was shot either two or three more times. His assailants fled.

■ Defendant relies upon *State v. Holliday*, 546 S.W.2d 38 (Mo.App.1976) in support of his contention that because there was no evidence that anyone tried to take Ficke's wallet or other possessions there was no showing of an intent to steal. We find *Holliday* inapposite. That case held that evidence that defendant placed his hand inside the front wing window of a station wagon did not establish an intent to steal property located in the rear of the vehicle. The instant case is virtually indistinguishable from *State v. Thompson*, 414 S.W.2d 261 (Mo.1967) which affirmed a conviction of attempted robbery on very similar facts. Here the assailants stated they wanted Ficke's money, pointed a gun at him and shot him. Their actions in leaving the scene without further attempt to take the victim's money could have been found by the jury to have been the result of the victim's resistance and the additional shooting which was bound to attract attention and not because of any lack of intent to steal. As in *Thompson, supra,* the jury can take the assailants at their word—that they wanted and intended to take Ficke's money.

■ Next defendant contends that the trial court erred in permitting testimony of a police officer to contradict a statement of defendant made at the time of his arrest. Defendant was arrested in Kansas City and when taken into custody on January 14, 1979, by St. Louis police officers for transport to St. Louis, stated, after *Miranda* warnings, that he could not have committed the crimes alleged because he had been in

**201**

Kansas City for the prior four months. The prosecution produced a police officer witness who testified that he had seen defendant in St. Louis late in November or early in December during a burglary investigation. Defendant contends this latter testimony was a collateral attack on the statement made by defendant at the time of arrest and was an attack on defendant's character. As to the latter contention:

"All evidence offered by the State tending to establish the guilt of the accused affects adversely his character in one sense, but this is not a basis for excluding it." *State v. Spica,* 389 S.W.2d 35 (Mo. 1965) [20] cert. den., 383 U.S. 972 [86 S.Ct. 1277, 16 L.Ed.2d 312] (1966). *See also State v. Holman,* 556 S.W.2d 499 (Mo. App.1977) [14–16].

We do not find the admission of this testimony erroneous. The courts of this state have consistently recognized that:

"Acts, conduct, and declarations of a defendant occurring after the commission of an alleged crime which are relevant and tend to show consciousness of guilt, or a desire or disposition to conceal the crime, are admissible." *State v. Ruckman,* 222 S.W.2d 74 (Mo.1949) [3, 4].

And as further stated in *State v. Spica, supra,* [29–32] quoting from 22A C.J.S. Criminal Law § 730, pp. 1029–1030:

"... Any statement or conduct indicating a consciousness of guilt, where at the time or thereafter, a person is charged with a crime, is admissible as a circumstance against him on his trial. *Thus it may be shown that accused gave false,* improbable, or evasive *statements to those investigating the crime.*" (Emphasis supplied).

The evidence offered by the prosecution was not a collateral attack on defendant's statement. It was direct evidence that defendant had given a false statement to officers investigating the crime which evidenced a consciousness of guilt. We find no error. *See State v. Duncan,* 499 S.W.2d 476 (Mo.1973) [3]; *Commonwealth v. Cristina,* 481 Pa. 44, 391 A.2d 1307 (Pa.1978) [10, 11], cert. den., 440 U.S. 925, 99 S.Ct. 1255, 59 L.Ed.2d 479 (1979); *Commonwealth v. Pritchard,* 270 Pa.Super. 461, 411 A.2d 810 (1979) [3]; *People v. Player,* 161 Cal.App.2d 360, 327 P.2d 83 (1958) [4]; *United States v. Kilpatrick,* 458 F.2d 864 (7 Cir. 1972) [2, 3]; *United States v. Cianciulli,* 482 F.Supp. 585 (E.D.Pa.1979) [25, 26].

Defendant's final point is that the court erred in failing to grant a mistrial after a police officer gave a non-responsive answer indicating defendant had been "picked up concerning a burglary investigation." The court sustained an objection to this testimony and ordered the jury to disregard it. The prosecutor offered to state to the jury that defendant had not been arrested or charged with the burglary, was not a suspect, and that he was picked up as part of a routine investigation solely to determine whether he was aware of any "street talk" concerning the burglary in defendant's neighborhood. This offer was accepted by defendant without waiver of his request for mistrial. Instead of making this statement, the prosecutor, with the agreement of defense counsel, elicited that information through a series of leading questions to a subsequent police officer witness. We find no abuse of discretion by the trial court in refusing to grant a mistrial. The instruction to the jury to disregard combined with the subsequent testimony made it clear to the jury that defendant was not arrested, or charged, nor was even a suspect in the burglary investigation.

Judgment affirmed.

SATZ and SIMON, JJ., concur.