**STATE of Missouri, Plaintiff-Respondent,**

v.

**David GRAYS, Defendant-Appellant.**

No. 42537.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Dec. 16, 1981.

Application to Transfer Denied Jan. 18, 1982.

William J. Shaw, Public Defender, Robert Cosentino, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

SIMON, Judge.

Defendant David Grays appeals from his convictions entered in the Circuit Court of the County of St. Louis. Grays was convicted and sentenced for his role in a jewelry store hold-up on separate charges of robbery in the first degree and assault in the first degree. On appeal Grays raises a double jeopardy issue, as well as several other issues. We find that the convictions for assault and robbery subjected Grays to double jeopardy and we reverse his conviction for robbery. We find Grays' other points to be without merit and, therefore, we affirm his conviction for assault.

Grays does not question the sufficiency of the evidence, so a brief recitation of the facts will suffice. Grays and two other men entered the World Wide Diamond and Design Jewelry store in St. Louis County. Without speaking, Grays approached the salesperson, Mary Lewis, who was seated behind the counter waiting on a customer. Grays walked around the counter, pulled out a revolver from underneath his coat and shot Mary Lewis in the lower back. She fell backwards onto the chair. Grays announced, "This is a stick-up; on the floor." Lewis replied, "You have to be kidding, I'm paralyzed. I can't move." Grays shoved Lewis down onto the floor. Grays' two accomplices brought the customer behind the counter and forced him to lie down. While one of the accomplices held a gun on Lewis and the customer, the store's display cases were smashed and Grays directed the removal of valuables from the cases.

Two days after the incident, Lewis identified a picture of Grays as the man who had shot her, and he was arrested. Subsequently, Lewis picked Grays out of a police line-up. The indictment charged Grays with assault in the first degree (Count I) and robbery in the first degree (Count II). At trial, Grays relied on alibi as a defense but was found guilty by a jury on both charges. The court sentenced him to concurrent sentences of thirty years on the assault charge and twenty-five years on the robbery charge.

Grays' first contention is that multiple convictions for robbery and assault placed him in double jeopardy. The United States Supreme Court has outlined the threefold protections afforded by the Double Jeopardy Clause: "It protects against a second prosecution for the same offense after acquittal. It protects against the second prosecution for the same offense after conviction. And it protects against multiple punishment for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

We are concerned with the last protection. As our court recently stated, "Whether prosecution for both robbery and assault places the defendant twice in jeopardy turns upon the particular facts." *Thompson v. State*, 606 S.W.2d 263, 264 (Mo.App. 1980). The general rule, as stated by our Supreme Court is that:

> "[I]f there is but a single act of force proved as an essential element of the crime of robbery, then such act of force cannot be availed of as constituting the separate crime of assault, but the rule is otherwise where the existence of the distinct elements as realities is established, *as where the force relied on to establish assault occurred after the robbery had been established.*"

*State v. Richardson*, 460 S.W.2d 537, 540 (Mo.banc 1970) (emphasis added). In the case at bar the force relied on to establish assault occurred *before* the robbery had been established. This makes the state's burden more difficult. Without a clear showing that there were separate, distinct acts of force, Grays' conviction for both robbery and assault cannot stand. Thus, the focus of our inquiry is whether the state has proved the separate acts of force necessary to support both counts or whether the state has merely proved the existence of a single act of force.

Our examination of our case law reveals no case directly on point with the facts in this case. The state relies upon several cases which arose in significantly different factual contexts. In *State v. Chernick*, 278 S.W.2d 741 (Mo.1955), our Supreme Court held that convictions for bank robbery and assault were not prohibited where the defendant first robbed a bank and then, while attempting to flee the scene of the robbery, assaulted a police officer. The requisite act of force for the assault occurred after the robbery had been completed. Therefore, the assault was a separate, distinct act and there was no merger of the common essential element of "assault" in the charges of robbery and assault. In *State v. Moton*, 476 S.W.2d 785 (Mo.1972) *cert. denied*, 417 U.S. 957, 94 S.Ct. 3086, 41 L.Ed.2d 675 (1974), our Supreme Court held that convictions on two separate charges of robbery were not barred where the defendant robbed two gas station attendants at gun point. The court held that there had been two separate robberies. In each robbery a different victim was placed in fear of physical harm.

Again in *State v. Neal*, 514 S.W.2d 544 (Mo.banc 1974), our Supreme Court addressed the issue of two convictions arising out of the same general circumstances. In *Neal*, two men, Walton, who had the care and custody of the property taken, and Cordes, the owner of the store, were working in the Cordes hardware store. Three men entered the store. One hit Cordes on the head, another shot Walton. Walton was ordered to empty the cash register. The Court upheld the convictions for the robbery and for the assault perpetrated against Cordes, reasoning that, "since the robbery of ... [the store] was the result of the assault against Johnnie Walton, the assault upon William Cordes ... was ... a separate crime ..." 514 S.W.2d at 548. Using this same reasoning, the Court reversed the conviction for the assault perpetrated on Walton, who had the care and custody of the property, because the force necessary for the robbery was identical to the force necessary for the assault.

The extent of the double jeopardy protections has recently been construed by our appellate courts. In *State v. Buford*, 582 S.W.2d 298 (Mo.App.1979), defendant broke into Margaret Mathews' home and demanded her keys. She told defendant that the keys were in the other room. Defendant shot Mathews and then left the room. Sev-

eral minutes later defendant returned, apparently without the keys, and shot Mathews again. Our brethren of the western district concluded that separate convictions for assault and robbery could not stand: "It cannot be said with any certainty that the robbery was complete before the second shooting . . . . On this record, it appears that the state should have elected between the two offenses." 582 S.W.2d at 304.

Finally, in *Thompson v. State*, 606 S.W.2d 263 (Mo.App.1980), our court considered a similar case. There defendant, riding in a taxicab, held up the driver at gun point. After the defendant had left the cab with the driver's money, the defendant shot the driver. Our court noted that:

> "A single act of force proven as an essential element of robbery cannot constitute a separate crime of assault. However, if separate and distinct acts of force occurred, such as *if the act of force charged in the assault is not prior or coterminous to the robbery*, separate charges of robbery and assault would be justified."

606 S.W.2d at 264–265. (emphasis added) (authorities omitted). In *Thompson*, because a separate act of force occurred after the robbery was completed, defendant's double jeopardy claim was denied.

■ In the instant case the state alleges that the requisite element of force for the assault charged is the shooting of Lewis and that the requisite element of force for the robbery charge is the shoving of Lewis to the floor. The state contends that these two acts of force are separate and distinct. We disagree. Based upon the logical dictates of our Supreme Court's holdings in *Neal* and *Richardson*, coupled with the holdings in *Buford* and *Thompson*, we reverse the judgment of the trial court with respect to the robbery conviction.

The facts of this case do not establish the existence of two separate acts of force. Grays' actions were a part of a single continuous act of force. The act of force charged in the assault was coterminous with the robbery. In order for the actions

of this particular factual situation to be separate and distinct, the robbery must be shown to have been completed by the time an additional assault occurs. Grays committed both acts, the shooting and shoving, against the same person to achieve the same purpose. Therefore, we are constrained to reverse Grays' robbery conviction.[1] In light of our ruling, it is not necessary to consider Grays' other contentions regarding the robbery conviction.

■ However, this does not end our review. The reversal of the robbery conviction as violative of the double jeopardy standard does not necessarily require a reversal of the assault conviction. See *State v. Neal, supra*. We must examine all of Grays' points on appeal that relate to the surviving conviction of assault in the first degree.

Grays alleges that the trial court erroneously submitted the assault instruction to the jury because the instruction contained allegations that were not included in the state's amended information. The assault instruction required a finding that the assault was committed "by means of a deadly weapon." Count I of the amended information reads, in relevant part:

> "David Grays in the County of St. Louis, State of Missouri, on or about the 16th day of January, 1979, acting with others, in violation of Section 565.050 RSMo, committed the class A felony of assault in the first degree, punishable upon conviction under Section 558.011.1(1) RSMo, in that, the defendant knowingly caused serious physical injury to Mary Loy Lewis by shooting."

Grays argues that his rights were prejudiced because he was convicted of an offense that was greater than that charged in the amended information. We find no merit in Grays' contention.

■ The state concedes that the amended instruction did not comply with the recommended charging form, MACH–CR 19.02. Of course, the variance between the information and instruction is not fatal unless it

---

1. We express no opinion as to whether the result in this case would be different if Grays had been charged in Count I with assaulting Mary Lewis and in Count II with robbing her employer.

is material to the rights of Grays. *State v. Kirk*, 510 S.W.2d 196, 201 (Mo.App.1974). Our court has outlined the purposes and requirements of an information:

> "The purpose of an information is to inform the defendant of the nature and cause of the accusation made against him. The information must be sufficient to inform the accused of this matter so that he may understand the charge and adequately prepare his defense."

*State v. Hoelting*, 562 S.W.2d 703, 704 (Mo. App.1978). We find that Grays was sufficiently informed of the charges against him. The amended information named the offense and cited the relevant statutes. Additionally, the information stated that Grays caused Mary Loy Lewis "serious physical injury . . . by *shooting.*" (emphasis added). The failure to insert the phrase "by means of a deadly weapon" did not mislead nor prejudice Grays.

The authorities cited by Grays do not support his contention that the state's deviation was prejudicial. In *State v. Nolan*, 418 S.W.2d 51 (Mo.1967), our Supreme Court held that a charge of first degree robbery with "force and arms" was not the same as first degree robbery by means of a dangerous weapon. The court noted that the phrase "force and arms" was meaningless and, therefore, added nothing to the charge. In *State v. Billingsley*, 465 S.W.2d 569 (Mo.1971), our Supreme Court held that when the information charged defendant with attempted assault and attempted rape, alleged to be contrary to a statute that did not deal with either offense, the statutory cite was meaningless. In *State v. Taylor*, 323 Mo. 15, 18 S.W.2d 474 (Mo.1929), our Supreme Court held that the failure to charge that defendant committed a robbery "by means of a deadly weapon," precluded the state from trying the defendant on such a charge. Id. 18 S.W.2d at 477. The *Taylor* case is inapplicable in our present situation. In *Taylor*, the omission of the phrase "by means of a dangerous and deadly weapon" misled and confused the defendant. In the instant case, Grays was appraised of charge

and the possible punishment. We rule against Grays on this issue.

■ Grays' final point for our consideration concerns the trial court's refusal to give defendant's cautionary instruction on eyewitness identification.[2] This same instruction has consistently been held to violate the requirement now contained in Rule 28.02(d) that instructions be "simple, brief, impartial, and free from argument." See *State v. Higgins*, 592 S.W.2d 151, 161 (Mo. banc 1979). The instructions that were submitted to the jury admonished the jury that they could not return a guilty verdict unless they believed every proposition in the verdict director beyond a reasonable doubt. In view of these factors, we hold that the trial court did not abuse its discretion in refusing to give the cautionary instruction.

For the foregoing reasons, we reverse the trial court's judgment as to Grays' robbery conviction and affirm as to Grays' assault conviction.

SATZ, P. J., and SMITH, J., concur.

---

**2.** This instruction was closely patterned after an instruction appearing in *United States v.*

*Telfare*, 469 F.2d 552, 558–59 (D.C.Cir.1972).