STATE of Missouri, Respondent,

v.

John Harvey SPROUS, Appellant.

No. 63233.

Supreme Court of Missouri,
Division No. 1.

Aug. 23, 1982.

Motion for Rehearing or Transfer to Court En Banc Denied Oct. 18, 1982.

Richard D. Bender, Springfield, for appellant.

Melinda A. Corbin, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Defendant appeals from a jury conviction of robbery in the first degree and assault in the first degree for which the trial court imposed consecutive sentences of life imprisonment under the dangerous offender provision of § 558.016, RSMo Supp.1980. Jurisdiction is in this Court pursuant to Mo.Const.Art. V, § 3.

Substantial evidence supports the verdict. Charles Cantwell, managing pharmacist of the United Health Center in Springfield, Missouri, and his employees, testified that on January 5, 1981, at approximately 6:15 p. m., two men clothed in coveralls and stocking masks ran into the pharmacy announcing a holdup. The robbers, later identified as defendant and Kenny Heistand, told everyone to get on the floor and threatened to kill them if the police were called. Defendant, armed with an M–1 carbine rifle, remained in the front of the store while Heistand went behind the pharmacy counter. After the employees were on the floor, the men demanded narcotics. Cantwell told them the narcotics were located in various places in the store and that he would get them. As Cantwell rose to his knees, Heistand began striking him about the shoulders and head, and told defendant that Cantwell wasn't cooperating. Defendant shot Cantwell in the chest. Though wounded Cantwell found the drugs, and gave them to Heistand. The robbers ran from the store.

## I.

Defendant first contends the trial court erred in submitting both robbery first degree and assault first degree to the jury, and sentencing him for both offenses, because the assault was committed during the course of the robbery. He argues that conviction for both crimes constitutes double jeopardy, multiplying his punishment for one offense, in that the force on which the assault was bottomed was the same force used to effect the robbery.

Defendant concedes the test for determining whether two offenses are "the same" for double jeopardy purposes has been established by *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger,* the Court held that "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. In *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the doctrine of *Blockburger* has been applied as "a rule of statutory construction." 445 U.S. at 691, 100 S.Ct. at 1438.

Defendant was charged in Count I with robbery in the first degree. The jury was required to find he stole narcotics by using physical force against Charles Cantwell for the purpose of forcing him to deliver up the narcotics, and, in the course thereof, defendant was armed with a deadly weapon. Count II charged assault in the first degree by knowingly causing serious physical injury to Charles Cantwell by shooting him by means of a deadly weapon.

The robbery charge required proof that defendant stole property while armed with a deadly weapon. The assault charge required proof that defendant knowingly caused serious physical injury to Cantwell by shooting him, and not simply that defendant employed physical force. Each offense requires proof of a fact the other does not, and conviction of both does not violate double jeopardy proscription. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *see State v. McCrary,* 621 S.W.2d 266 (Mo.banc 1981). Moreover, the act of force constituting the assault was not that which served as an element of the robbery charge. *See Thompson v. State,* 606 S.W.2d 263 (Mo.App.1980). The contention is quite without merit.

## II.

The next issue involves the admission of evidence concerning defendant's jail escape and the fact that Kenny Heistand had escaped with defendant. Defendant claims, because he had admitted the escape, further evidence of that fact was irrelevant and prejudicial. Similarly, he claims the admission of evidence that Heistand escaped with him was irrelevant and prejudicial.

Defendant acknowledges that proof of his flight or escape from jail is generally admissible to show a consciousness of guilt, *State v. Medley,* 588 S.W.2d 55 (Mo.App.1979), and here it was relevant for that purpose. *State v. Hughes,* 596 S.W.2d 723 (Mo.banc 1980). The evidence of Heistand's flight was part and parcel of the evidence establishing the fact of defendant's escape. We find no error in the admission of this evidence.

The judgment is affirmed.

MORGAN, P. J., concurs.

BARDGETT, J., concurs in part and dissents in part in separate opinion filed.

BARDGETT, Judge, concurring in part and dissenting in part.

I dissent from that part of the principal opinion that affirms the conviction of assault in the first degree because the conviction of both constitutes double punishment for a single crime.

Regardless of the hypertechnical distinction made in the principal opinion, it is obvious that the assault on the victim was *the* assault which was necessary to convict the defendant of robbery in the first degree. As such, it was part and parcel of that offense, *State v. Richardson,* 460 S.W.2d 537 (Mo.banc 1970). The state cannot split a single crime into its component parts and either try the defendant *separately* and convict of both or convict of both in the same trial.

It is clear that in order to convict the defendant of robbery in the first degree it was necessary for the jury to find that the defendant committed an assault upon the victim in the perpetration of the robbery. It is also clear that the assault in this case occurred in the furtherance of the robbery. Section 569.020—robbery in the first degree—sets forth the types of conduct necessary to raise a forcible stealing to robbery in the first degree and includes a description of the conduct that this defendant engaged in in the perpetration of the instant robbery. That conduct includes the use of a firearm and it also includes causing serious physical injury to the victim. Robbery in the first degree and assault in the first degree (§ 565.050) are both class A felonies for which a defendant may be imprisoned for not less than ten years and not to exceed thirty years or life imprisonment. It is obvious that in the instant case the defendant has been found guilty and punished for the robbery in the first degree, which includes the assault, and then again punished for the assault. As such, the conviction and punishment for assault offends against the double jeopardy clause and is prohibited by this Court's opinion in *State v. Richardson, supra.*

For the foregoing reasons I concur in the affirmance of the conviction for robbery in the first degree and dissent from the affirmance of assault in the first degree. The conviction for assault in the first degree in this case should be reversed.