**STATE of Missouri, Respondent,**

v.

**Nelson R. MONK, Appellant.**

**No. 45801.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 5, 1983.

James G. Gregory, Montgomery City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted in a jury trial of attempted robbery in the first degree, § 564.011, RSMo (1978), and assault in the first degree, § 565.050, RSMo (1978), and sentenced to concurrent terms of ten and fifteen years' imprisonment respectively. We affirm.

Since appellant does not challenge the sufficiency of the evidence, we will briefly review the facts in the light most favorable to the verdict. *State v. Wallace,* 644 S.W.2d 382, 383 (Mo.App.1982). On the night of September 3, 1980, several members of the Auxvasse Country Club met in the clubhouse to play cards. At approximately 12:30 a.m., Maurice Nolan, appellant's accomplice, broke a glass pane of one of the windows of the clubhouse with a pistol, and appellant, wearing a ski mask and carrying a .12 gauge shotgun, entered the clubhouse and ordered the cardplayers to put their hands against the wall. Appellant then told a club member, Marlon Landhuis, to collect the money on the card table. Another member, Billy Boyce, suddenly lunged at appellant and began striking him. Appellant then shouted to Nolan "shoot him." Nolan fired several shots, one of which hit Landhuis and one of which hit the appellant. After the shooting stopped, the other club members vigorously subdued the appellant. The police subsequently arrived and arrested appellant.

Appellant was convicted of attempted robbery in the first degree of several people, including Landhuis, and assault in the first degree by aiding Nolan in the shooting of Marlon Landhuis.

Appellant first contends that his convictions for attempted robbery in the first degree and assault in the first degree constituted double jeopardy because he was subjected to multiple punishments for committing a single offense. Specifically, appellant contends that if shooting Landhuis was in furtherance of the robbery, then the prohibition against double jeopardy would preclude him from being prosecuted for robbery in the first degree and assault in the first degree. *See State v. Neal,* 514 S.W.2d 544, 548–549 (Mo.banc 1974).

The attempted robbery charge required the jury to find that appellant demanded money while armed with a shotgun. The assault charge required the jury to find that appellant aided in the shooting of Landhuis. Each crime required proof of a fact the other does not, and therefore the conviction of both does not constitute double jeopardy. *State v. Sprous,* 639 S.W.2d 576, 578 (Mo.1982) citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Furthermore, the shooting which was the basis for the assault conviction occurred after the necessary elements for attempted robbery in the first degree had been established. When appellant made his way into the clubhouse and

forced the members to surrender their money at gunpoint, the necessary elements to establish the crime of attempted robbery were complete. *Thompson v. State,* 606 S.W.2d 263, 264–265 (Mo.App.1980). The force used in the assault was separate and distinct from the force used in the attempted robbery. *Compare State v. Grays,* 629 S.W.2d 466, 469 (Mo.App.1981). Thus, appellant's point is denied.

In the alternative, appellant argues that if the crime of attempted robbery was complete before Landhuis was shot, then he cannot be held criminally liable for the assault because Nolan was acting alone when he shot Landhuis in an attempt to escape. The evidence showed that once Boyce had jumped appellant, appellant cried for his accomplice to shoot, and Nolan shot. Sufficient evidence existed for the jury to find appellant guilty as an aider in the assault. Whether appellant aided his accomplice in the commission of the assault or his accomplice acted alone is a question that the trial court properly left to the jury. Therefore, appellant's point is without merit.

Finally, appellant contends that the trial court erred when it overruled appellant's challenge for cause of a venireman. After reviewing the record, we have found that appellant was not prejudiced because the State struck that venireman by exercising one of its peremptory challenges.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.