**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Bruce LEIGH, Defendant-Appellant.**

No. 47023.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 13, 1983.

Erica B. Leisenring, Henry B. Robertson, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Janet Elaine Papageorge, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted of first degree burglary, § 569.160 RSMo 1978; first degree assault, § 565.050 RSMo 1978 and first degree robbery, § 569.020 RSMo 1978. He was found to be a persistent offender and sentenced by the court to 25 years imprisonment on each count, to be served concurrently. On appeal, defendant contends that his robbery and assault convictions subjected him to double jeopardy. We reverse the conviction for robbery.

Defendant does not challenge the sufficiency of the evidence and, therefore, we briefly review the facts in the light most favorable to the verdict. In the early morning hours of July 17, 1982, the victim, Donny Elder, was asleep in his apartment. He awoke to find the defendant in his apartment, with the victim's wallet in hand. The defendant was removing victim's money, which victim later testified amounted to $120.00, from the wallet. Having been casual acquaintances, the victim immediately recognized the intruder as defendant. The victim called out to defendant, asking him what he was doing. The defendant then ran over to the victim's bed, grabbed the victim by the hair, and stabbed him in the chest with a fishing knife which he apparently found on the coffee table.

Defendant ordered the victim to remain silent, and asked him "You ain't going to tell who did this, are you?" After the victim answered "no," the defendant left the apartment with the money, apparently abandoning the wallet in the kitchen sink as he left.

Although bleeding profusely, the victim stumbled from his apartment and down the stairway. Neighbors heard his cries for help and summoned the police.

When released from the hospital, victim contacted police and named defendant as his assailant. He again identified defendant at trial. Although defendant raised an alibi defense, the jury found him guilty on all three counts.

Defendant's sole contention is that his convictions for robbery and assault placed him in double jeopardy. Specifically, he asserts that if stabbing Donny Elder was in furtherance of the robbery and was a necessary element of that charge, then the prohibition against double jeopardy precludes him from being prosecuted for assault independent of the robbery charge. Regarding the assault charge, the jury was instructed, in pertinent part, as follows:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

That on July 17, 1982, in the City of St. Louis, State of Missouri, the *defendant knowingly caused serious physical injury to Donny Elder by stabbing him,* then you will find the defendant guilty under Count I of assault in the first degree.

MAI–CR 19.02 (emphasis added). Likewise, as to the robbery, the jury was instructed:

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

> First, that on July 17, 1982, in the City of St. Louis, State of Missouri, the defendant stole an amount of U.S. currency in the possession of Donny Elder, and
>
> Second, that the defendant in doing so used physical force on or against Donny Elder for the purpose of either preventing resistance to the taking of the property or preventing resistance to the keeping of the property immediately after the taking, and
>
> Third, that in the course of stealing the property, *the defendant caused serious physical injury to Donny Elder,* then you will find the defendant guilty of robbery in the first degree.

MAI–CR 23.02 (Emphasis added).

▉ Whether prosecution for both robbery and assault placed defendant twice in jeopardy turns on the particular facts of the case. *State v. Grays,* 629 S.W.2d 466, 468 (Mo.App.1981).

The general rule is that:

> [I]f there is but a single act of force proved as an essential element of the crime of robbery, then such act of force cannot be availed of as constituting the separate crime of assault, but the rule is otherwise where the existence of the distinct elements as realities is established, as where the force relied on to establish assault occurred after the robbery had been established.

*State v. Richardson,* 460 S.W.2d 537, 540 (Mo. banc 1970).

Applying this guideline to the facts of each case, the courts have found two separate and distinct crimes present where there is a weapon flourished, or a threat of physical force used to carry out the robbery, which is then followed by a separate act of physical force. See *State v. Sprous,* 639 S.W.2d 576 (Mo.1982); *State v. Monk,* 654 S.W.2d 365 (Mo.App.1983); *Thompson v. State,* 606 S.W.2d 263 (Mo.App.1980). Thus, in *Thompson,* for instance, there were two separate crimes where the defendant held up a taxi driver at gun point and, after exiting the cab with the money, then shot the driver. *Id.* at 264–65.

Likewise, two separate convictions have been upheld where there are separate acts of physical force, or threats of physical force, to support each charge. *State v. Neal,* 514 S.W.2d 544, 548 (Mo. banc 1974). In Neal, two men, Walton, who had the care and custody of the property taken, and Cordes, the owner of the store, were working in the Cordes hardware store. Three men entered the store. One hit Cordes on the head, another shot Walton. Walton was ordered to empty the cash register. The court upheld the convictions for the robbery and for the assault perpetrated against Cordes, reasoning that, "since the robbery of . . . [the store] was the result of the assault against Johnnie Walton, the assault upon William Cordes . . . was . . . a separate crime . . ." 514 S.W.2d at 548.

Applying the same analysis, this court in *State v. Grays,* 629 S.W.2d 466 (Mo.App. 1981), refused to uphold separate convictions. There, the defendant entered a store, shot the clerk and only then announced robbery. Thereafter, he pushed the wounded clerk to the floor and ransacked the premises. Since the assault occurred *before* the robbery, we held absent evidence of two distinct acts of force, the separate convictions could not stand.

Here, the defendant had the victim's wallet in hand when the victim awoke, and only then did he use the nearby knife to restrain the victim. There is no evidence that defendant flourished a weapon to carry out the robbery; no evidence of the involvement of a weapon in any way prior to the actual stabbing. This makes the state's burden more difficult. Without a clear showing that there were separate, distinct acts of force, defendant's convictions for both robbery and assault cannot stand.

▉ We can find no evidence of distinct acts of force in this case. Scrutiny of the sequence of events shows that the stabbing constitutes the single act of violence in this case. But for the stabbing, the essential

571

elements of armed robbery would not be present. However, the stabbing is likewise the act of serious physical harm which must be relied on to establish assault. Under these circumstances, the conclusion is inescapable that the force necessary to establish the robbery is *identical* to that necessary for assault. *State v. Grays,* 629 S.W.2d at 469. Compare *State v. Monk,* 654 S.W.2d at 367. The stabbing, therefore, cannot be used to support a separate conviction.

The state should have been required to elect between the two offenses. As a result, we reverse the robbery conviction. *State v. Grays,* 629 S.W.2d at 4.

KAROHL, P.J., and CRANDALL, J., concur.