Ronald BURTON, Plaintiff/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

No. 52011.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 20, 1988.

Application to Transfer Denied
March 15, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for plaintiff/appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for defendant/respondent.

KAROHL, Presiding Judge.

Movant was convicted by jury of attempted robbery in the first degree, Section 560.120 RSMo 1969, and assault with intent to kill with malice aforethought, Section 559.180 RSMo 1969. He was sentenced to consecutive terms of twenty years and thirty years, respectively. The convictions were affirmed on appeal. *State v. Burton,* 618 S.W.2d 199 (Mo.App. 1981). Thereafter, movant sought to have his sentence vacated pursuant to Rule 27.-26. On June 22, 1982, following an evidentiary hearing, the trial court denied relief. This denial was not timely appealed. The present proceeding began as an effort to "re-activate" the original denial of relief. Subsequent procedures resulted in an opinion by this court, *Burton v. State,* 726 S.W.2d 497 (Mo.App.1987), which rejected defendant-State's appeal and contention that the motion court could not reinstate, almost four years later, the order generated in the first Rule 27.26 proceeding. According to that opinion, movant was entitled to appeal the June 22, 1982 order denying his motion for post-conviction relief because his lawyer abandoned him. We now consider movant's appeal from what was, in effect, a reinstatement of the denial of relief.

A full record of the facts underlying this case may be found in the opinion on direct appeal. Therein it was reported that at approximately 5:00 p.m. on December 15, 1978, Lester Ficke, a retired police officer and an apartment manager, was collecting rent from tenants. He was approached outside of the rental property by two young men. One of the men demanded Ficke's money. Defendant-movant pointed a gun at Ficke, but before he could reach for his wallet the gun discharged and Ficke was shot in the neck. Ficke then attempted to struggle with defendant before losing consciousness. He regained consciousness almost immediately. He tried to seek shelter beneath a nearby car. He was shot two or three more times. *Burton,* 618 S.W.2d at 200.

On appeal, movant raises two points of error: (1) ineffective assistance of counsel for failing to raise the issue of double jeopardy; and (2) ineffective assistance of counsel for failing to depose certain witnesses, for failing to move for a mistrial on the grounds that two jurors at trial were asleep, and for failing to interview defendant's family members.

On appellate review of motions for post-conviction relief, we are limited to a determination of whether the findings, conclusions and judgment of the trial court were

clearly erroneous. Rule 27.26(j); *Laws v. State*, 708 S.W.2d 182, 185 (Mo.App.1986). In this regard, we deem such findings, conclusion and judgments clearly erroneous only if, after review of the entire record, we are left with the "definite and firm impression that a mistake has been made." *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985).

■ Movant's first point contends that the trial court erred in determining his defense counsel was not ineffective for failing to raise an issue of double jeopardy. He maintains that his conviction for attempted robbery in the first degree and assault with intent to kill with malice aforethought constituted double jeopardy because he was subject to multiple punishments for the commission of a single offense. It is movant's position that the force on which the assault charge was predicated was the same force used to effect the attempted robbery. Specifically, movant maintains that the attempted robbery consisted of two acts: the announcement "We want your money," and the shooting of the victim. He claims that the shooting was inseparable from the robbery attempt in that it was the only overt act evidencing his attempt and intent to rob the victim. Section 556.160 RSMo.1969.

Movant's argument is factually and legally defective. Pursuant to the attempted robbery charge, the jury was required to find that defendant demanded money while armed with a gun. The assault charge required the jury to find that defendant shot Ficke. Each crime required proof of a fact which the other offense did not require. Consequently, no double jeopardy issue arose. *State v. Monk*, 654 S.W.2d 365 (Mo.App.1983) (attempted robbery first degree and assault first degree); *State v. Sprous*, 639 S.W.2d 576, 578 (Mo.1982) (robbery first degree and assault first degree); and *Byrd v. State*, 577 S.W.2d 179, 180–81 (Mo.App.1979) (attempted robbery and assault).

In further support of our position we note that the additional shots which were the basis for the assault with intent to kill with malice aforethought conviction occurred after the necessary elements for the attempted robbery in the first degree had been completed. When defendant instructed the victim at gunpoint to hand over his money, the necessary elements for attempted robbery in the first degree were established. The shooting, which was the basis for the assault with intent to kill with malice aforethought charge, was separate from and independent of any act required for the attempted robbery. This court previously addressed the same issue on facts very similar to these here in *State v. Monk*, 654 S.W.2d 365 (Mo.App.1983). We find *Monk* decisive on movant's allegation of double jeopardy.

Because the record does not support movant's claim of double jeopardy, movant's claim of ineffective assistance of counsel on that basis fails. *Byrd v. State*, 577 S.W.2d at 181. Accordingly, movant's first point is denied.

Movant's second point contends that he received ineffective assistance of counsel for the reasons that trial counsel (1) did not depose certain witnesses for the state, namely those with knowledge of the procedures conducted by the police during movant's lineup; (2) did not move for a mistrial on the grounds that during trial two jurors were asleep; and (3) did not interview movant's family members, particularly his six brothers whose appearances, he claims, closely resembled movant. He believes his counsel could have impeached the state's evidence concerning identification by utilizing the brothers.

In order to prevail on a claim of ineffective assistance of counsel movant must establish two elements. He must show both that his attorney did not conduct himself with customary skill and diligence exercised by a reasonably capable attorney acting under similar circumstances, *and* that he was prejudiced thereby. *Stokes v. State*, 688 S.W.2d 19, 23 (Mo.App.1985); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ Movant initially claims that defense counsel was ineffective in failing to investigate and depose certain witnesses for the

state concerning events surrounding his lineup. However, movant fails to elaborate on the "suggestive incident" which occurred before the formal lineup. Moreover, he makes no allegations of who these witnesses might be or what their testimony could establish. In fact, the only evidence presented by movant on the issue consisted solely of his uncorroborated testimony of improper police lineup, which the court did not believe. In sum, movant has presented no substantive evidence to satisfy his burden of proof on this claim.

■ However, even if movant had presented substantive evidence to support this claim, the argument that defense counsel was ineffective in failing to depose state witnesses would fail. A review of the record indicated that prior to trial defense counsel filed a Motion to Suppress movant's lineup identification and a hearing was held on the matter. Defense counsel argued to suppress the lineup identification of movant. The motion was denied. Further, at movant's 27.26 evidentiary hearing, defense counsel indicated that he did not depose the state's witnesses prior to trial because he believed that this strategy would prove more detrimental than beneficial to defendant's case. Defense counsel added that he viewed the state's case as being primarily a "one shot" victim identification case and in such cases it was his practice not to take the depositions of victims. Rather, he filed a Motion to Suppress Identification and Motion to Suppress Statements, both of which were overruled. These decisions were questions of trial strategy. Matters of trial strategy are not a foundation for finding ineffective assistance of counsel. *Decker v. State*, 623 S.W. 2d 563, 565 (Mo.App.1981).

■ Movant next claims that defense counsel was ineffective for failing to move for mistrial on the ground that during the trial two jurors were sleeping. Once again the only evidence in support of this claim is movant's uncorroborated testimony. We think it is significant that, on the issue of movant's credibility, the motion court observed:

It is doubtful that this Court would believe anything this Movant would say that could not be reasonably corroborated if the statement was to the benefit of Movant.... This Court does not feel that the conclusion by [the State] as stated in [the prosecutor's] Memorandum of Law that the Movant would lie under oath if it would suit his purpose is exaggerated.

On review of a post-conviction motion to vacate judgment, we are required to give due regard to the motion court's opportunity to hear witnesses and we must defer to its determination of credibility unless it clearly and convincingly appears that it has abused its discretion. *Harkins v. State*, 653 S.W.2d 255, 256 (Mo.App.1983). We find no such abuse of discretion.

■ Movant's final claim is that defense counsel was ineffective for failing to interview his family members, particularly his six brothers, whose appearances, he claims, closely resemble him. Movant's point is that had defense counsel investigated this claim, the state's identification evidence could have been impeached. This argument is devoid of merit for several reasons. First, movant never identified which brother resembled him nor how the physical characteristics were similar. Second, defense counsel testified that he had no recollection of movant ever bringing the matter to his attention. Once again, the only evidence pertaining to the issue is movant's unsubstantiated and uncorroborated testimony. Movant has not shown what evidence would have been presented, how it would have aided his defense or how he was prejudiced thereby. *See Jackson v. State*, 672 S.W.2d 367 at 369 (Mo.App. 1984).

In sum, we cannot conclude that the motion court's findings of fact and conclusions of law resulting in the denial of movant's motion to vacate judgment were clearly erroneous. The sole evidence in support of the motion was movant's uncorroborated testimony which the motion court did not find credible. Because movant has not shown how defense counsel was ineffective or how he was prejudiced thereby, his ar-

gument of ineffective assistance of counsel fails.

Judgment denying post-conviction relief is affirmed.

SMITH and KELLY, JJ., concur.