STATE of Missouri,
Plaintiff-Respondent,

v.

Charles JOHNSON,
Defendant-Appellant.

No. 46985.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1984.

Robert Jackson Maurer, Clayton, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of assault in the first degree, robbery in the second degree, and stealing of a motor vehicle. He was sentenced by the court as a persistent and dangerous offender to twenty-five years imprisonment each on the assault and robbery charges and to fifteen years imprisonment on the stealing charge, all sentences to run concurrently.

The evidence established that defendant approached the victim outside her home upon her return from grocery shopping to obtain assistance in starting his automobile. After some reluctance, and because two small children and two women were in defendant's vehicle and it was cold, the victim furnished the requested assistance. Defendant was still unable to start the automobile. He then advised the victim he was going to enter her home to use the telephone. She demurred to this suggestion and offered to make the call for him. Defendant persisted and headed for the victim's house. She gave chase leaving her car keys in her vehicle. Upon reaching the house the defendant grabbed the victim and forced her inside. He then used threats and physical violence to obtain property belonging to the victim and left the house. The violence included ripping the telephone out and throwing the victim onto an end table which broke apart. After extricating herself from the "kindling" the victim went outside and discovered that her automobile was gone. Defendant was arrested the same evening in a hotel room which contained some of the loot. The victim's car was outside the hotel. Also present in the room were two women and two small children. Defendant was positively identified as the perpetrator by the victim at a line-up the next day and in court. Defendant relied upon an alibi defense.

■ Defendant first challenges the refusal of the trial court to give an eyewitness identification instruction. The appellate courts of this state have consistently held that the refusal to give this not-in-MAI–CR instruction is within the discretion of the trial court and is not erroneous. *State v. Taylor*, 472 S.W.2d 395 (Mo.1971) [3, 4]; *State v. Quinn*, 594 S.W.2d 599 (Mo. banc 1980) [12]; *State v. McFarland* 604 S.W.2d 613 (Mo.App.1980) [4]. We adhere to that position.

■ Defendant next challenges both the assault conviction and the stealing conviction as violating his rights against double jeopardy. As to the assault conviction we agree. The only force utilized by defendant against the victim was in implementing the stealing of the property in her house. Where the physical force forming the basis for the assault charge is also the physical force used to effectuate the stealing, the defendant cannot be convicted of both assault and robbery. *State v. Richardson*, 460 S.W.2d 537 (Mo.banc 1970); *State v. Grays*, 629 S.W.2d 466 (Mo.App. 1981); *Thompson v. State*, 606 S.W.2d 263 (Mo.App.1980) [2]. That is the situation here. The conviction for assault is reversed.

■ The same is not true as to the stealing of the automobile. The physical violence was used to take items from the victim's home. No further force was utilized to steal the car which was done outside the presence of the victim and without the need for threats or violence. This case is not controlled by *State v. Lewis*, 633 S.W.2d 110 (Mo.App.1982) where the robbers utilized physical force to obtain the car keys with which they then stole the automobile. The vehicle here was stolen after all violence had ceased, using keys actually in the vehicle and not under the control of the victim. The caption of the vehicle was not the product of the violence used to secure the other property. On the record before us the automobile presented a target of opportunity for theft unrelated to the prior robbery. Nor do we find that Secs. 556.041, 556.046, or 570.050 RSMo 1978 preclude conviction for the separate offense of stealing the automobile. The

first two identify what constitute multiple offenses and included offenses. They are not intended to be a statement of the rules regarding double jeopardy. *See* Comment to 1973 Proposed Code, Sec. 556.041 V.A. M.S. Nothing in either of those statutes precludes defendant's conviction of both the robbery and the stealing. Sec. 570.050 is an aggregation statute allowing thefts which are part of the same criminal episode to be aggregated to determine the grade of the offense. Nothing therein mandates that all thefts occurring during that episode must be charged as one crime where the method used to accomplish the thefts causes them to violate different statutes. *State v. Lewis, supra*, [7], recognized that when it stated: "The evidence does not show a stealing separate and other than a stealing by force—that is, by a robbery second degree." The evidence here does show such a separate stealing.

Our disposition of the assault charges renders moot defendant's further attacks on the assault conviction.

Judgment of conviction for assault is reversed; the judgments of conviction for robbery and stealing are affirmed.

GAERTNER, P.J., and STEPHAN, J., concur.