STATE of Missouri, Respondent,

v.

Randall Gene ELAM, Appellant.

No. 47814.

Missouri Court of Appeals,
Eastern District,
Division Six.

June 12, 1984.

Thomas Richard Motley, Public Defender, Hannibal, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged and a jury found defendant guilty of forging a $109 check. This in paying for hardware with a check in the fictious name of "Joe Baker". The trial court sentenced defendant as a persistent offender to ten years in prison.

The unchallenged evidence supported the verdict and judgment.

On appeal defendant first argues the court erred in admitting in evidence the allegedly stolen items as illegally seized. We deny the point.

Within minutes after the purchase highway patrolman Gosney found defendant driving his pickup truck with the merchandise in plain view. Defendant and the goods matched descriptions previously given the trooper by store clerk David Trueblood.

■ Defendant did not sustain his burden of showing the search was illegal; further the state showed probable cause for the arrest and seizure. Compare *State v. Hornbeck,* 492 S.W.2d 802[1–4, 10] (Mo. 1973). Point denied.

■ By his other point defendant claims the court erred in failing to suppress the identification testimony of store clerk Trueblood who allegedly saw defendant at the county jail just 30 minutes after the fictitious purchases. Trueblood did not recall having then seen defendant. He did clearly recall having described defendant based on his twenty minutes at the store and he identified defendant's photos at both the preliminary hearing and trial.

Even when there are discrepancies in identification that affects only its weight, not its admissibility. *State v. Powell,* 648 S.W.2d 573[7–8] (Mo.App.1983). Point denied.

■ By his pro se point defendant claims plain error in ten alleged trial court rulings; the state responds and we find the claimed errors are non-specific and chal-

lenge trial counsel's permissible professional judgment.

Both parties cite *State v. Zeitvogel*, 649 S.W.2d 945[1–5] (Mo.App.1983) concerning pro se briefs. There the court held counsel's decision to dissociate himself from pro se points is a valid exercise of professional judgment. See also *State v. Johnson*, 672 S.W.2d 158 (Mo.App.E.D.1984). We find no merit in defendant's pro se challenges.

Affirmed.

DOWD, C.J., and PUDLOWSKI, J., concur.