STATE of Missouri,
Plaintiff-Respondent,

v.

Michael A. THOMURE,
Defendant-Appellant.

No. 49974.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 18, 1986.

Motion for Rehearing and/or Transfer Denied March 19, 1986.

Application to Transfer Denied April 15, 1986.

Carol Jo Larkin, Public Defender, Columbia, for defendant-appellant.

Stephen David Hawke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Appellant, Michael A. Thomure, was convicted by a jury in the Circuit Court of Perry County of robbery in the first degree, Section 569.020 RSMo 1978, and sentenced by the trial court to ten years imprisonment. On appeal, he assigns two points of error which he contends entitle him to a new trial. We affirm.

Appellant does not attack the sufficiency of the evidence to support a verdict of robbery in the first degree and therefore a short statement of the facts necessary to dispose of this appeal is presented.

On the evening of August 5, 1983, the appellant and two friends, Greg Wright and Bruce Wade, discussed robbing the Corral Drive-In Theatre in St. Francois County. Appellant said he was going to the drive-in with his girlfriend to learn how to commit the robbery.

The next night, August 6, 1983, the three men met again to discuss robbing the drive-in. In particular they discussed who was present when the drive-in closed. Appellant decided the three men would go and rob the drive-in. They departed for the drive-in between 7:00 and 8:00 p.m. After watching the movies, the men left the drive-in. Greg Wright was driving. Shortly thereafter, Greg Wright dropped off appellant and Bruce Wade in an area of trees directly east of the drive-in theatre.

David Jennings was the manager of Corral Drive-In Theatre. Around midnight on August 6, 1983, Mr. Jennings and his wife had completed their work and prepared to depart the drive-in. They turned out the theatre lights and left the concession area. As Mr. Jennings opened his car door two robbers wearing ski masks appeared announcing the robbery. Everyone went to

the concession area to get money from the safe. The assailants, appellant and Wade, had their handguns pointed at the victims. Mr. Jennings opened the safe and sat down on the office couch. Wade removed the money from the safe and placed it in a large canvas bag as appellant kept his gun pointed at Mr. Jennings. When the robbers departed, Mr. Jennings immediately telephoned the sheriff.

On September 13, 1983, Mr. Jennings identified appellant in a voice identification line-up as one of his assailants.

Prior to the trial, counsel for appellant filed a motion to suppress identification on grounds that it was conducted in a suggestive manner. A hearing was held on this motion February 27, 1985 and the motion was denied.

In his motion for a new trial appellant alleged that the voice identification line-up was "illegal and suggestive," "violative of constitutional guarantees," or "suggestive and improper."

At trial, appellant presented several witnesses in support of an alibi defense. The appellant testified that he did not commit the crime alleged.

At the close of the evidence, instructions, and arguments of counsel, the jury found appellant guilty of robbery in the first degree. The jury assessed a sentence of ten years imprisonment and the trial court imposed that sentence. Appellant brings this appeal from his conviction and sentence.

Appellant first contends on appeal that the trial court erred: (1) By allowing the victim's testimony about his out of court identification of defendant because the line-up was improperly suggestive; and (2) by allowing the victim's in-court identification of the defendant because it did not rest on an independent basis and was improperly suggestive.

It is not necessary to examine the merits of appellant's first Point because nothing was properly preserved for appellate review. Respondent, correctly, contends that appellant has failed to preserve anything for this court to review because both his Motion to Suppress Identification and his Motion for New Trial consist of bare conclusory allegations, absent factual support.

It is incumbent upon the movant in his Motion to Suppress Identification to be definite, specific, factual, and not conclusory; otherwise nothing is preserved for appellate review. *State v. Abrams,* 597 S.W.2d 230, 232[5] (Mo.App.1980); *State v. Redd,* 550 S.W.2d 604, 606–607[2] (Mo.App. 1977).

The allegations in a Motion for a New Trial must be definite and specific. Supreme Court Rule 29.11(d); *State v. Reed,* 640 S.W.2d 188, 193[9] (Mo.App. 1982). Mere reiteration of the grounds for suppression contained in the Motion to Suppress fails to preserve an issue for review. *State v. Redd, supra* at 608.

Appellant's contention here fails to advise either this court or respondent's counsel why the trial court's action was wrong other than to allege a series of conclusions. We hold, therefore, that this contention has not been preserved for review.

Appellant's second contention is that the trial court erred in refusing to submit appellant's Instruction A to the jury on the issue of eyewitness identification and that the evidence required such an instruction because a possibility of misidentification existed. Appellant's Instruction A stated:

One of the issues in this case is the identification of the defendant as the perpetrator of the crime. The state has the burden of proving identity beyond a reasonable doubt. You, the jury, must be satisfied beyond a reasonable doubt as to the accuracy of the identification of the defendant before you can convict him. If you are not convinced beyond a reasonable doubt that the defendant is the person who committed the crime, you must find the defendant not guilty.

This instruction is not an MAI–CR instruction. The appellate courts of this state have consistently held that the refusal to give an eyewitness identification instruction is within the discretion of the trial

court and is not erroneous. *State v. Johnson*, 672 S.W.2d 158, 160[1] (Mo.App.1984). *See also State v. Quinn*, 594 S.W.2d 599, 605[12] (Mo.banc 1980).

 In the present case, there was extensive direct and cross-examination on the issue of identification and possible misidentification. Further, questions of identification were extensively argued to the jury. There was no abuse of discretion in the trial court's refusal to give the proffered non-MAI instruction.

Appellant's verdict and sentence are affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.