**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Thomas E. DAILEY,
Defendant-Appellant.**

**No. 13867.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 25, 1986.

Motion for Rehearing or to Transfer
to Supreme Court Denied
March 19, 1986.

Application to Transfer Denied
May 13, 1986.

Mark V. Clark, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Christine M. Szaj, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GREENE, Judge.

Defendant, Thomas E. Dailey, was charged in a two-count information with unlawful sale of a security, § 409.101(2), RSMo 1978, and stealing by deceit, § 570.-030, RSMo Supp.1984. He was convicted by a jury of both charges, and sentenced to one year in jail for each offense, plus a fine of $5,000 on the securities violation and $100 on the stealing conviction.

The unlawful sale of securities count stated that Dailey "in connection with the offer and sale to Angel Baker of a security, to wit: Shares of Action Air Cargo, Inc., made an untrue statement of a material fact and omitted to state a material fact necessary in order to make the defendant's statements not misleading under the circumstances."

The stealing charge alleged that Dailey "appropriated cash in the total amount of at least one hundred fifty dollars, which said property was in the possession of Angel Baker and with the purpose to deprive her thereof by deceit in purposely making a false representation that said cash was purchasing shares of stock of Action Air Cargo, Inc., a dividend paying security, not believing the representation to be true and upon which representation Angel Baker relied."

The substance of the state's evidence was that Angel Baker purchased five shares of Action Air Cargo stock from Dailey for $12,500. Dailey assured Baker that she would receive dividends of $300–$800 a month on her investment, depending on "where they were flying and what they were carrying." Dailey did not reveal to Baker prior to the sale that 1) the corporate charter of Action Air had been dissolved, or 2) other investors who had bought Action Air stock had received no dividends.

On appeal, Dailey contends, among other things, that the trial court erred in submitting both charges to the jury, over his objection, for the reason that the same evidentiary facts were used to prove both charges, which violated his right "to be free from double jeopardy," in violation of the U.S. Const. Art. V, and of the Mo. Const. Art I, § 19.

It is unnecessary to enunciate constitutional double jeopardy principles in disposing of the issue raised here. Dailey is not complaining of a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, or multiple punishments for the same

offense, all of which are prohibited by the double jeopardy provision in the fifth amendment to the United States Constitution. *State v. Thompson*, 610 S.W.2d 629, 634 (Mo. banc), cert. denied, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 122 (1981).

The question involved here is whether one of the offenses charged generally prohibits a designated type of conduct, while the other prohibits a specific instance of such conduct. If it does, then the dual submission was error since § 556.041, RSMo 1978, provides that a person "may not ... be convicted of more than one offense if ... the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

Dailey's positive misrepresentation that the stock would pay dividends of $300–$800 a month, and that profits from the Air Cargo operation would be divided monthly among the shareholders, plus his failure to inform Baker that the corporation had been involuntarily dissolved, and that dividends had not been paid to other recent stock purchasers, supplied the ultimate proof of fraudulent conduct necessary to make a submissible case on the general misconduct charge (stealing by deceit), as well as the specific misconduct charge (unlawful sale of securities). This being so, the dual submission was in violation of the statute and was error.

Since § 556.041 prohibited convictions of both offenses, the question remaining is which conviction should be set aside, and why. The choice would not be difficult, if the sentence imposed for each conviction was the same, as was the case in *State v. Johnson*, 672 S.W.2d 158 (Mo.App. 1984), because no prejudice would result to defendant regardless of which conviction was vacated. It does not appear to us that such rationale applies, however, where, as here, the punishment assessed was not the same for each offense.

Missouri appellate courts have ignored the issue, as Judge Rendlen pointed out in footnote 3 of his opinion in *State v. Hag-*

*gard*, 619 S.W.2d 44, 53–54 (Mo. banc 1981) (concurring in part and dissenting in part). Ad hoc choices in matters of this type, without citation of authority or explication of rationale, are at odds with fundamental fairness.

It seems to us that the best approach to the problem was utilized in *Ball v. United States*, —— U.S. ——, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740, 748 (1985), where the United States Supreme Court remanded the cause "to the District Court where sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions."

Other issues raised on appeal by Dailey, including his contention that the state failed to make a submissible case on either charge, have no merit.

The cause is remanded to the trial court with instructions to exercise its discretion in determining which of the two convictions shall be vacated. The judgment and sentence not vacated, after such exercise of discretion, is affirmed.

TITUS, P.J., and FLANIGAN, J., concur.