STATE of Missouri,
Plaintiff-Respondent,

v.

James Leroy DANLEY,
Defendant-Appellant.

No. 13228.

Missouri Court of Appeals,
Southern District,
Division Two.

April 17, 1984.

John D. Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Public Defender Commission, Joplin, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of second-degree burglary and sentenced to a five-year term of imprisonment.

In his first point defendant contends that the evidence was insufficient for the jury to have found him guilty beyond a reasonable doubt because there was insufficient evidence that he entered the building with the purpose of stealing. In reviewing to determine if a submissible case was made we accept as true all evidence favorable to the state, including all reasonable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Summers,* 660 S.W.2d 772, 773 (Mo.App.1983); *State v. Rhoden,* 654 S.W.2d 352, 353 (Mo.App.1983).

At approximately 1:15 a.m. defendant was discovered by sheriff's deputies halfway inside a hole in a fiberglass wall of a salvage yard's shop building. Tools and parts are kept in the building. The officers had gone to the premises when a burglar alarm sounded. Tools, which defendant admits were in the building when he entered, were found beneath him and a two-inch extension for a socket set was found in his jacket pocket. Another person was also found in the building. When one of the owners locked up and left the premises the previous evening there were no holes in the building. Defendant testified that he entered the building to get out of the cold and rainy weather.

The evidence that defendant broke into a building containing tools and parts was sufficient for the jury to determine that he did so with intent to steal. "The state has sufficiently proven the intent to steal in a burglary prosecution if the state has introduced evidence showing that the accused has broken and entered a building in which goods, merchandise, or other valuable things are kept." *State v. Lawrence,* 566 S.W.2d 243, 246–247 (Mo.App.1978). See also *State v. Harness,* 654 S.W.2d 297, 299 (Mo.App.1983); *State v. Soloway,* 603 S.W.2d 688, 689 (Mo.App.1980); *State v.*

*McGee,* 592 S.W.2d 886, 887 (Mo.App.1980). In addition, finding tools beneath defendant and a tool in one of his pockets indicates that he intended to steal. The evidence was sufficient to support the conviction. Point I is denied.

■ In his remaining point defendant contends that instructional error occurred. Defendant acknowledges that this point was not properly preserved for review as it was not mentioned in the motion for new trial. We see no prejudicial error in the instruction, and, as we find no manifest injustice or miscarriage of justice, we decline further review. Rule 30.20.

MAUS, P.J., and HOGAN, J., concur.