STATE of Missouri,
Plaintiff-Respondent,

v.

Dennis Eugene McNAIR,
Defendant-Appellant.

No. 14584.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 15, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Nov. 4, 1986.

**114**

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jon Van Arkel, Asst. Public Defender, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Following nonjury trial defendant was convicted of second-degree burglary, possession of burglary tools, and attempted stealing. He was sentenced to 15 years for burglary, 3 years for possession of burglary tools, the sentence to run consecutively with the sentence for burglary, and 3 years for attempted stealing to run concurrently with the sentences for burglary and possession of burglary tools.

Defendant was found and arrested inside a retail establishment in Springfield known as PFI Feed and Western Store. Defendant does not dispute the evidence showing that he broke into the building. He contends in his first point that the state failed to establish that he intended to commit any crime after gaining entry to the building and therefore could not have been found guilty of burglary.

This contention has no merit. There was evidence that when apprehended defendant was wearing items belonging to the owners of the store, and he admitted that once inside the store, he had put several of the owner's items in a box. Moreover, evidence that a person broke into a building which contains merchandise is sufficient for the trier of fact to find that the breaking was done with intent to steal. *State v. Danley,* 669 S.W.2d 77 (Mo.App. 1984); *State v. Lawrence,* 566 S.W.2d 243, 246–247 (Mo.App.1978). This point is denied.

Defendant asserts in his remaining point that the trial court erred in failing to sustain his "motion to dismiss in that Count III [attempted stealing] of the felony information should have been dismissed because a conviction as to Count III, in conjunction with Count I [burglary], subjected appellant to double jeopardy by imposing multiple convictions for the same offense."

Section 564.011.1, RSMo 1978, states:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Defendant was charged with attempted stealing by having the purpose to commit stealing and taking a substantial step toward its commission by selecting and loading clothing into a box. If the "substantial step" stated in the charge had been entering the premises perhaps a reasonable argument could be made that double jeopardy would bar the attempted stealing conviction because the evidence of attempted stealing would be the same as part of the proof of the burglary. However, we need not decide that as defendant was not so charged. Here, the charge and proof following it goes beyond acts that were necessary to prove the burglary.

Defendant was charged with taking a substantial step by selecting and putting the goods in the box. This occurred after the acts constituting the elements of burglary. Attempted stealing was shown by a later and separate act and it could be properly charged and defendant convicted of it. Compare *Thompson v. State,* 606 S.W.2d 263, 264–265 (Mo.App.1980). See also *Flittie v. Solem,* 775 F.2d 933 (8th Cir.1985); *State v. Leigh,* 662 S.W.2d 568, 570–571 (Mo.App.1983). Point two is denied.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.