STATE of Missouri,
Plaintiff–Respondent,

v.

Bryan SANDERS, Defendant–Appellant.

No. 52165.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 2, 1987.

Application to Transfer Denied
Jan. 20, 1988.

---

T. Scott Richardson, St. Louis, for defendant-appellant.

Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Bryan Sanders appeals from a jury conviction of first degree assault, § 565.050 RSMo 1986, and armed criminal action, § 571.015 RSMo 1986. He was sentenced to consecutive 10 year and 3 year terms of imprisonment in the Division of Corrections.

We affirm the judgment of the trial court.

The state's evidence showed that the St. Louis City Police Department had received information from a confidential informant that narcotics had been sold at a residence occupied by the appellant and his mother. Relying on this tip, Officer McKenzie, a St. Louis City police officer, applied for, and subsequently obtained a warrant to search appellant's premises.

On January 11, 1986, at approximately 8:00 p.m., Officer McKenzie and 8 other officers went to appellant's residence to execute the search warrant. Officer McKenzie, dressed in uniform, pulled up close to the residence in a marked police car. He then approached appellant's door, noticing that a light was on in the upstairs room, however, the shades were drawn. He then proceeded up the front steps with another officer, and began to knock loudly 3 or 4 times with his fist on the door,

announcing that he was a police officer with a search warrant.

After failing to receive a response, he used a sledgehammer to gain entrance into the premises. When the door finally opened, Officer McKenzie discarded the sledgehammer and drew his revolver and proceeded across the front room. Both he and his sergeant began yelling "police" in a loud voice as they crossed the living room towards the staircase.

Within 3 or 5 seconds upon entering the premises, Officer McKenzie noticed the appellant jump into view upon the landing of the stairs which led to the second level of the apartment. Officer McKenzie immediately observed that appellant had a handgun in his right hand which he proceeded to point directly at the officer's face. Officer McKenzie then turned to try and get out of appellant's line of fire, however appellant shot the .22 caliber pistol and struck Officer McKenzie in the head, penetrating his scalp. Sargeant Walsh returned fire, striking appellant in the chest.

Officer McKenzie slipped in and out of consciousness at the house before an ambulance arrived. He was hospitalized overnight. A search of the residence revealed narcotics, drug paraphernalia and a semi-automatic machine pistol.

At trial, appellant testified in his own defense. He stated that he did not know that it was the police who entered the house. He further testified that his weapon accidentally discharged.

At the end of trial, the jury was instructed on assault in the first degree. Additionally, the court instructed the jury on self-defense using the state's modification of MAI–CR2d 2.41.1.

The jury found appellant guilty as charged. This appeal followed.

Appellant first alleges that the trial court erred in refusing to instruct the jury on the lesser included offenses of assault in the second and third degrees. Appellant argues that he did not know that the intruders were police officers, and therefore, he was acting in self-defense. Appellant further contends that because his acts of "self-defense" demonstrate recklessness, an element of both second and third degree

assault, an instruction on the lesser included offenses was mandatory.

▮▮ We note at the outset that appellant failed to specifically request a lesser included offense instruction at trial. Appellant seems to argue that by requesting a self-defense instruction based on MAI–CR2d 2.41.1, he was also requesting an instruction on the lesser included offenses. We disagree.

Appellant was not entitled to an instruction on the lesser included offenses of assault because he did not specifically request it at trial. *State v. Olson,* 636 S.W.2d 318, 322–323[9] (Mo. banc 1982). Section 556.046.2 RSMo 1978 requires the trial court to instruct the jury on lesser degrees of the charged offense only if some affirmative evidence establishes that an essential element of the greater offense is lacking. *State v. Williams,* 708 S.W.2d 705, 708[6] (Mo.App.1986). Such evidence must be sufficient to authorize acquittal on the greater offense while sustaining a conviction on the lesser offense. *Id.* Appellant contends that the evidence in the instant case supported a conviction of second or third degree assault but did not support a conviction of first degree assault.

▮ When reviewing to determine whether evidence is sufficient to support a charge, this court shall accept as true all the evidence favorable to the state, including all favorable inferences drawn from the evidence. This court should disregard all evidence and inferences to the contrary. *State v. Barnes,* 714 S.W.2d 811, 813[1] (Mo.App.1986); *State v. Mentola,* 691 S.W. 2d 420, 421[1] (Mo.App.1985).

▮ The trial court gave MAI–CR2d 19.-02.2, assault in the first degree, as the verdict directing instruction, which reads as follows:

### Instruction No. 5

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on January 11, 1986, in the City of St. Louis, State of Missouri, the defendant knowingly caused serious physical injury to John McKenzie by shooting him, and

Second, that the defendant did not act in lawful self-defense, as submitted in Instruction No. 8, then, you will find the defendant guilty under Count I of assault in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

If you do find the defendant guilty under Count I of assault in the first degree, you will assess and declare the punishment at:

1. Life imprisonment, or
2. Imprisonment for a term of years fixed by you, but not less than ten years and not to exceed thirty years.

The evidence established that, subsequent to loudly announcing himself at the door, Officer McKenzie, dressed in uniform, yelled "police" several times as he crossed appellant's living room towards the staircase. Appellant then jumped into view upon the landing of the stairs, pointing a .22 caliber pistol directly at Officer McKenzie's face. Under these circumstances, appellant's assertion that he was acting in lawful self-defense when he shot Officer McKenzie is tenuous at best. We believe that the firing of the gun at Officer McKenzie was sufficient evidence of an intent on the part of the appellant to cause serious physical injury to Officer McKenzie.

Accordingly, we hold there was no basis for the trial court to instruct the jury on assault in the second or third degrees.

█ Appellant's next point is that the trial court erred in instructing the jury on self-defense using the state's modification of MAI–CR2d 2.41.1. The state added the following language to the approved instruction: ... "however, there is no right to resist a known police officer who is lawfully executing a search warrant."

At trial, appellant requested an unmodified version of MAI–CR2d 2.41.1. At the instruction conference appellant made a general objection to the modified instruction, thereby failing to specifically apprise the judge why the state's modification prejudiced appellant.

We also note that appellant has failed to include his alleged instructional error in his motion for new trial. Consequently, any review of the alleged error must be governed by the doctrine of plain error. *State v. Danley,* 669 S.W.2d 77, 78[2] (Mo.App. 1984).

█ An appellate court will reverse under the plain error rule only if appellant makes a sound, substantial manifestation and a strong, clear showing that an injustice or a miscarriage of justice will result from the alleged error. *State v. Goode,* 721 S.W.2d 766, 767–768[2] (Mo.App.1986); *State v. Cannady,* 660 S.W.2d 33, 37[7] (Mo.App.1983). We have reviewed for plain error, and, as we find no manifest injustice or miscarriage of justice, we decline further review. Rule 30.20.

We affirm the judgment of the trial court.

KAROHL, P.J., and SMITH, J., concur.

KAROHL, Presiding Judge, concurring.

I concur in the majority opinion. Appellant was not entitled to a lesser included offense instruction because he failed to request the instruction. I also agree that the modified self-defense instruction did not create an injustice or miscarriage of justice. The inserted statement of law that defendant had no right to resist a known police officer who was lawfully executing a search warrant is correct. I write separately, however, because the modification was inserted in the burden of proof paragraph. Defendant requested an unmodified MAI–CR2d 2.41.1 instruction. Paragraph number one of that instruction reads:

1. The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-de-

fense. If the evidence in this case leaves in your mind a reasonable doubt as to whether the defendant acted in lawful self-defense in using physical force against John McKenzie, you must find the defendant not guilty under Count I.

The modified instruction reads:

1. The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. *However, there is no right to resist a known police officer who is lawfully executing a search warrant.* If the evidence in this case leaves in your mind a reasonable doubt as to whether the defendant acted in lawful self-defense in using physical force against John McKenzie, you must find the defendant not guilty under Count I. (our highlight of insertion)

The insertion of the substantive statement of law in the burden of proof paragraph is unfortunate because it interrupts the burden of proof paragraph which asserts: (1) the state has the burden of proof, and (2) if there is doubt then defendant is not guilty. The substantive statement of law could and should have been inserted without the interruption at a more appropriate location within the instruction.