STATE of Missouri, Plaintiff–Respondent,

v.

**Mary FREEMAN, Defendant–Appellant.**

No. 15948.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 29, 1989.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Frederick W. Martin, III, West Plains, for defendant-appellant.

PREWITT, Judge.

Following nonjury trial defendant was convicted of arson in the second degree and attempted stealing of over $150. She was sentenced to four years on each count with the sentences to run concurrently.

■ On appeal she contends that the trial court erred in finding her guilty of the charges "in that the evidence presented was insufficient to establish beyond a reasonable doubt that appellant knowingly damaged her home by starting a fire."

In reviewing to determine if a submissible case was made, we accept as true all the evidence favorable to the state, including all reasonable inferences from that evidence, and disregard evidence and inferences contrary. *State v. Molkenbur*, 723 S.W.2d 894, 895 (Mo.App.1987). See also *State v. Ailshire*, 664 S.W.2d 630, 632 (Mo. App.1984). Under this standard the evidence was sufficient to support a conviction on both counts.

Although defendant's attorney brought out matters which might have affected the credibility of the state witnesses, their credibility was for the judge to determine as the trier of fact. *State v. Casey*, 683 S.W.2d 282, 286 (Mo.App.1984); *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979).

There was testimony that defendant told others that she intended to purchase insurance and then burn her house. Insurance covering a fire loss on defendant's house was purchased by her. Defendant's son testified that she discussed burning her home with him three weeks before the fire and that he assisted her in moving various items of personal property out of the home. He said that she offered to pay him $1,000 from the insurance proceeds to set the fire and that at her request he set fire to the house.

In the charge of attempted stealing, defendant was charged with knowingly submitting a false proof of loss stating that the fire "did not originate by any act, design or procurement on the part of the defendant, Mary Freeman, that such fire loss amounted to $30,000".

There was testimony that following the fire defendant stated to an adjustor who was investigating her claim that she had lost everything that she owned "except her cat". She submitted to the adjustor a "written notarized Proof of Loss". Testimony indicated that it contained false statements.

Submitting the Proof of Loss was "a substantial step towards the commission of the offense." See § 564.011.1, RSMo 1986; *State v. McNair*, 719 S.W.2d 113, 114 (Mo.App.1986). This occurred after the acts constituting the elements of arson in

the second degree. Those elements are set forth in § 569.050, RSMo 1986. Attempted stealing was shown by a later and separate act after the arson and defendant could be properly charged and convicted of attempted stealing without being subjected to double jeopardy. Cf. *McNair*, 719 S.W.2d at 114.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.