STATE of Missouri, Respondent,

v.

**Ronald Wayne BOUNDS, Appellant.**

**No. WD 41988.**

Missouri Court of Appeals,
Western District.

Jan. 9, 1990.

As Modified Feb. 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1990.

Application to Transfer Denied
April 17, 1990.

 

William D. Rotts, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

TURNAGE, Judge.

Ronald Bounds was found guilty by a jury of burglary in the second degree, § 569.170, RSMo 1986, and attempted burglary in the second degree, § 564.011, RSMo 1986. Bounds was tried as a prior and persistent offender and the court imposed sentence of seven years on each charge with the sentences to run concurrent.

Bounds contends the court erred in giving an instruction, in failing to find that the two charges constituted double jeopardy, allowing the testimony of a police officer, in failing to allow a character witness to answer certain questions, allowing the prosecutor to cross-examine Bounds concerning his prior offenses, and allowing the prosecutor to argue prior convictions as a basis for conviction. Affirmed.

Bounds does not challenge the sufficiency of the evidence. Bounds was arrested inside One Party Place in Columbia shortly after 1:00 a.m. on November 14, 1988. Police officers checked Al's Video, which is located next to One Party Place, in response to a signal from the alarm located in Al's Video. After checking the front of the building and finding it secure, the officer went down the alley to the rear. He found the lower half of the back door to One Party Place broken out. The officer called for help and upon the arrival of another officer, the two entered One Party Place. After shouting to see if anyone would respond, the officers began a search of the building. In a bathroom, near the broken out door, the officers found a hole in the dry wall partition between One Party Place and Al's Video, and a saw on the floor. The hole indicated that someone had been sawing through the dry wall. There was a small opening through the dry wall

into Al's Video. In a few minutes the officers found Bounds inside One Party Place and placed him under arrest.

Bounds was charged with burglary of One Party Place and attempted burglary of Al's Video.

■ Bounds first contends the court erred in giving the verdict director on burglary. The portion of the instruction under attack reads as follows:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 14, 1988, in the County of Boone, State of Missouri, the defendant knowingly entered unlawfully in a building located at 23 South Ninth Street, Columbia, Missouri, and possessed by One Party Place, and

Second, that defendant did so for the purpose of committing the crime of burglary of Al's Video, 25 South Ninth Street, Columbia, Missouri therein,

then you will find the defendant guilty under Count I of burglary in the second degree.

Bounds contends that the second paragraph is an impermissible deviation from MAI and was confusing. Bounds contends that the jury could not determine from the instruction which structure Bounds was charged with entering unlawfully. He focuses on the word "therein" in the second paragraph and states that this makes the instruction confusing because "therein" could mean either Al's Video or One Party Place. The instruction follows MAI–CR3rd 323.54. That form provides that the second paragraph shall state that the defendant entered the structure described in the first paragraph for the purpose of committing a crime which is to be named in the second paragraph. Here, the instruction stated that Bounds knowingly entered unlawfully a building at 23 South Ninth Street, possessed by One Party Place, and that he did so for the purpose of committing burglary of Al's Video at 25 South Ninth Street. The instruction is clear, plainly written, and this court discerns no ground for holding that the instruction is

confusing. In view of the evidence that a hole had been sawed into the wall between One Party Place and Al's Video, the jury would have no difficulty in following the plain language of the instruction that they were required to find that Bounds unlawfully entered One Party Place for the purpose of committing burglary of Al's Video. The court correctly followed MAI by naming the crime in the second paragraph which was to commit burglary of Al's Video.

Bounds next contends that he was found guilty of two separate crimes, when in fact he only committed one crime, and he was thereby placed in double jeopardy. Bounds requested the court to dismiss either Count I or Count II on the ground he was placed in double jeopardy because the same facts were used to prove a single crime. Bounds contends there was no proof of any fact required on the attempted burglary charge that was not necessary to prove the burglary charge.

■ The breaking of the back door of One Party Place was sufficient proof of the unlawful entry into that store. To prove the burglary charge, it was necessary for the State to prove that Bounds intended to commit some crime once he had entered the premises unlawfully. The evidence that a hole had been sawed in the partition between One Party Place and Al's Video revealed that the purpose of entering One Party Place was to commit the crime of burglary by unlawfully entering Al's Video. The evidence of the hole was unnecessary to prove only a charge of burglary of One Party Place since evidence that a person unlawfully entered a building which contains merchandise is sufficient for the fact finder to find that the breaking was committed with the intent to steal. *State v. McNair*, 719 S.W.2d 113, 114[1, 2] (Mo. App.1986).

A similar situation was presented in *State v. Tettamble*, 561 S.W.2d 414 (Mo. App.1977). There Tettamble broke into a medical center which contained the offices of a physician and also a pharmacy. A sliding glass door separated the two of-

fices. An outer window of the medical center was broken and after entry was gained into the building the sliding glass door to the pharmacy was broken and drugs removed. Tettamble contended that he was placed in double jeopardy when he was charged with two counts of burglary in the second degree for breaking into the medical center and also breaking into the pharmacy located inside the center. The court held that in fact two separate burglaries had been committed when the occupancy of the medical center and the pharmacy were by different persons. In short, the defendant in that case had broken into premises occupied by the medical center and into the premises occupied by the pharmacy.

Also analogous is *McNair*. There McNair was arrested inside a store. He had placed clothing which the store had for sale in a box but had not had the opportunity to remove the box from the store. McNair contended he was subjected to double jeopardy by being convicted of burglary and attempted stealing. The court held that there were two offenses because the attempted stealing was shown by later and separate acts after the burglary had occurred. 719 S.W.2d at 114[3].

■ Here the evidence was sufficient to allow the jury to find that Bounds broke into One Party Place with the intent to commit burglary of Al's Video by sawing through the partition between the two stores. The attempted burglary of Al's Video was later in time and a separate act from the burglary committed by breaking the door of One Party Place and unlawfully entering that store. There was no double jeopardy in charging both the burglary and the attempted burglary.

■ Bounds next contends the court erred in allowing Officer Warren to testify that when Bounds was arrested there was white dust on his jeans. Officer Warren testified as to the existence of the dust without objection. After the direct, cross, redirect, and recross-examination of Warren, Bounds' counsel moved for a mistrial on the ground that the State had failed to respond to a discovery request to inform

counsel that Warren would testify as to the existence of dust.

After the motion for mistrial, Bounds' counsel stated that the State had informed him that the highway patrol lab had performed a test on Bounds' jeans and did not find dry wall dust. The court thereupon gave counsel time to call the highway patrol lab and arrange for the chemist to appear and testify. The chemist did appear and testified that the dust on Bounds' jeans was not from dry wall. She did say material on the jeans was joint compound such as is used in sealing dry wall joints.

In *State v. Johnson*, 702 S.W.2d 65, 73[6] (Mo. banc 1985), the court held that when no sanctions are imposed for discovery violations the inquiry becomes whether the violation "resulted in fundamental unfairness or substantively altered the outcome of the case." It will be assumed without deciding that a discovery violation occurred.

Prior to the testimony of Officer Warren, Officer Cooper had testified that he and Warren had made the arrest of Bounds and that there was a white putty like substance on Bounds' jeans. There was no objection to that testimony, nor did counsel request any relief following the Cooper testimony. The court did allow counsel time to obtain the highway patrol chemist in view of the fact that the State had not subpoenaed the chemist. The chemist did testify that the material on Bounds' jeans was not dry wall dust. Thus, Bounds was given the opportunity to present favorable evidence to counter the testimony of Officer Warren relative to the nature of the dust. In the circumstances presented there was no fundamental unfairness shown, nor can it be said that the testimony of Officer Warren concerning the presence of the white dust substantively altered the outcome of the case.

■ Bounds next contends that the trial court failed to allow Dr. Landwehr to fully and completely answer questions concerning her knowledge of Bounds. Dr. Landwehr was presented by Bounds as a character witness. Bounds does not identify any

particular question to which Landwehr was not allowed to respond. An examination of her testimony reveals few objections, but most importantly fails to reveal any offer of proof concerning testimony which was desired to be elicited but which was disallowed. In *State v. Schneider*, 736 S.W.2d 392, 401[7] (Mo. banc 1987), the court held that when an objection is made to proffered evidence and sustained, "the proponent of the evidence must make an offer of proof in order to preserve the matter for appellate review...." Absent an offer of proof nothing has been preserved for review.

 Bounds contends that the prosecutor cross-examined Bounds about criminal convictions which did not in fact occur. Again Bounds does not identify any particular incident in the record which supports his contention. There is some contention that the prosecutor misstated the number of convictions as thirteen when in fact there were not that many. The prosecutor asked Bounds if he had been convicted seven times for burglary, once for attempted burglary, once for possession of burglary tools, three times for stealing, and twice for possession of drugs. Bounds admitted that he had. Obviously, that question encompassed fourteen previous convictions. There was also mention that Bounds had thirteen previous convictions. There was no objection to any of the questions concerning the prior convictions and Bounds did not deny any about which he was questioned. Absent a specific reference to the record about which complaint is made, this court will not seine the record in an attempt to find some error.

Bounds finally contends that the prosecutor impermissibly argued the previous convictions using those convictions as proof of the charges in this case. There was no objection to the prosecutor's argument. *State v. Evans*, 639 S.W.2d 820, 822[2] (Mo.1982), held that objection and proper request for relief are the necessary predicates to preserve a matter for review on appeal. With no objection, the matter can only be reviewed as plain error. Even though Bounds has not requested plain error review, this court has reviewed the argument for plain error. In *State v. Wood*, 719 S.W.2d 756, 759[5] (Mo. banc 1986), the court stated:

> Relief should be rarely granted on assertion of *plain error* to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explication.

No manifest injustice is found to have resulted from the argument.

The judgment is affirmed.

All concur.